UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LOTZE, an individual; LAURA OHMAN, an individual; and THE FLASH, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>TOTAL LENDER SOLUTIONS, INC., et al.<br><br>Defendants. | Case No.: 21-CV-598 JLS (WVG)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiffs Matthew Lotze, Laura Ohman, and The Flash LLC's *Ex Parte* Application for Temporary Restraining Order ("Appl.," ECF No. 2). Plaintiffs seeks to restrain Defendants from "scheduling, holding a trustee's sale in any manner, or foreclosing upon" Plaintiffs' property located at 3730 Topaz Street, Las Vegas, Nevada, 89121. Appl. at 15. The trustee's sale is scheduled for April 8, 2021 at 10 a.m. *Id.* For the reasons set forth below, the Court **DENIES** Plaintiffs' Application.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary restraining order ("TRO"). The standard for a temporary restraining order is identical to

the standard for a preliminary injunction. *Frontline Med. Assocs., Inc. v. Coventry Healthcare Worker's Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009). A plaintiff seeking preliminary relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The elements of this test are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for Wild Rockies v. Cottrell,* 622 F.3d 1045, 1049–50 (9th Cir. 2010), *rev'd on other grounds*, 632 F.3d 1127 (9th Cir. 2011). Generally, a temporary restraining order is considered to be "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

When a plaintiff has not provided notice of her application to the defendant, Federal Rule of Civil Procedure 65(b)(1) imposes specific requirements prior to the issuance of a temporary restraining order.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The stringent restrictions imposed . . . by Rule 65[ ] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438–39 (1974) (footnote omitted).

Accordingly, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131

(9th Cir. 2006). "For example, an ex parte TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'" *Id.* (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Alternatively, "[i]n cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.3d at 322).

## ANALYSIS

Here, Plaintiffs have met the first requirement for a temporary restraining order without notice by averring immediate and irreparable loss. Plaintiff Matthew Lotze has certified in an affidavit that "Defendants are . . . causing our Home to be foreclosed upon" and "[w]e (Plaintiffs) will suffer irreparable damage, exceeding $1,000,000.00," without a temporary restraining order. Declaration of Matthew Lotze ("Lotze Decl.") ¶¶ 5, 10, ECF No. 2-1; *see Alcaraz v. Wachovia Mortg. FSB*, 592 F. Supp. 2d 1296, 1301 (E.D. Cal. 2009) ("Losing one's home through foreclosure is an irreparable injury." (quoting *Wrobel v. S.L. Pope & Asscos.*, 2007 WL 2345036, at * 1 (S.D. Cal. Aug. 15, 2007))). The trustee's sale is scheduled for April 8, 2021 at 10 a.m., less than two days after Plaintiffs filed their Complaint and Application. Lotze Decl. ¶ 9; *see* Fed. R. Civ. P. 65(b)(1)(A).

However, Plaintiffs have failed to meet the second requirement of Rule 65(b)(1). Although Plaintiffs' counsel has certified in writing that "[t]here is not ample time for me to have this matter heard in regular course," Declaration of James L. Clayton, Jr. ("Clayton Decl.") ¶ 8, ECF No. 2-2, neither Plaintiffs nor Plaintiffs' counsel has certified in writing any efforts to give notice to Defendants. Plaintiffs also have not demonstrated that notice is impossible or would render further prosecution of the action fruitless, as is required for an *ex parte* TRO. *Reno Air Racing*, 452 F.3d at 1131.

Because Plaintiffs have not met the second requirement for a TRO without notice, Plaintiffs' Application is **DENIED**.

## CONCLUSION

For the reasons stated, Plaintiffs' *ex parte* application for a temporary restraining order is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 7, 2021

Hon. Janis L. Sammartino
United States District Judge