Case No. 21-CV-598 JLS (WVG)

MATTHEW LOTZE, et al.  v TOTAL LENDER SOLUTIONS, INC..

# EXHIBITS TO FIRST AMENDED COMPLAINT

# Numbers 1-1e

102

Complaint for MATTHEW LOTZE and LAURA OHMAN

# Exhibit "1", "Note", dated April 12, 2018



Complaint for MATTHEW LOTZE and LAURA OHMAN

Broker Name: AMERICAN PACIFIC
MORTGAGE
NV License #: 1850

# NOTE

Loan Number: 18-5078

APRIL 12, 2018            RENO           NEVADA
[Date]             [City]            [State]

3730 TOPAZ STREET, LAS VEGAS, NEVADA 89121

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 1,500,000.00       (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is ALDRISE REAL ESTATE CREDIT FUND, LP

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    10.990   %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on JUNE 1 2018 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on MAY 1, 2019 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO BOX 51402, LOS ANGELES, CALIFORNIA 90051

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 13,737.50 .
** See attached Interest Only Note Addendum.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit;

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200 1/01           Page 1 of 3           DocMagic *eForms*
www.docmagic.com

Us3200 not xml

and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.  BORROWER'S FAILURE TO PAY AS REQUIRED

### (A)  Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of          10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 10.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B)  Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C)  Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D)  No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10.  UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200  1/01                                    Page 2 of 3

DocMagic *eFormas*
www.docmagic.com

Us3200.not.xml

the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

FILIPINO FLASH LLC, A NEVADA LIMITED LIABILITY COMPANY

By: _____ (Seal)
RACHEL ANN MARCIAL DONAIRE,   -Borrower
MEMBER

By: _____ (Seal)
NONITO GONZALEZ DONAIRE JR.,   -Borrower
MEMBER

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200  1/01                                    Page 3 of 3

DocMagic *e*Forms
www.docmagic.com

Us3200.not.xml

## EXHIBIT "A"

## LEGAL DESCRIPTION

THE NORTHEAST QUATER (NE 1/4) OF THE NORTHEAST QUARTER (NE 1/4) OF
THE NORTHWEST QUARTER (NW 1/4) OF THE SOUTHWEST QUARTER (SW 1/4)
OF SECTION 13, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. AND M., CLARK
COUNTY, NEVADA.

EXCEPTING THEREFROM THE NORTH FORTY FEET (40.00') AND THE WEST
THIRTY FEET (30.00') AND THE EAST THIRTY FEET (30.00') TOGETHER WITH A
SPANDREL AREA IN THE NORTHWEST COMER (NW COR) THEREOF, ALSO
BEING THE SOUTHEAST CORNER (SE CUR) OF THE INTERSECTION OF PACIFIC
STREET AND TWAIN AVENUE, BOUNDED AS FOLLOWS:

ON THE NORTH BY THE SOUTH LINE OF THE NORTH FORTY FEET (40.00')
THEREOF; ON THE WEST BY THE EAST LINE OF THE WEST THIRTY FEET
(30.00') THEREOF; AND ON THE SOUTHEAST BY THE ARC OF THE CURVE
CONCAVE SOUTHEASTERLY, HAVING A RADIUS OF TWENTY FEET (20.00') AND
BEING TANGENT TO THE SOUTH LINE OF THE NORTH FORTY FEET (40.00') AND
TANGENT TO THE EAST LINE OF THE WEST THIRTY FEET (30.00'); TOGETHER
WITH A SPANDRES AREA IN THE NORTHEAST COMER (NE CUR) THEREOF,
BEING THE SOUTHWEST CORNER (SW COR) OF THE INTERSECTION OF TWAIN
AVENUE AND TOPAZ STREET, BOUNDED AS FOLLOWS:

ON THE EAST BY THE WEST LINE OF THE EAST THIRTY FEET (30.00') THEREOF;

ON THE NORTH BY THE SOUTH LINE OF THE NORTH FORTY FEET (40.00")
THEREOF; AND ON· THE SOUTHWEST BY THE ARC OF A CURVE CONCAVE
SOUTHWESTERLY, HAVING A RADIUS OF TWENTY FEET (20.00') AND BEING
TANGENT TO THE WEST LINE OF THE EAST THIRTY FEET (30.00') AND TANGENT
TO THE SOUTH LINE OF THE NORTH FORTY FEET (40.00') BY DEED RECORDED
NOVEMBER 12, 1985 IN BOOK 2215 AS DOCUMENT NO. 2174460 OF OFFICIAL
RECORDS.

ALSO DESCRIBED AS PARCEL ONE (1) OF THE CERTIFICATE OF LAND DIVISION
RECORDED APRIL 25, 1986 IN BOOK 860425 AS DOCUMENT NO.'00956, OFFICIAL
RECORDS.

TOGETHER WITH THAT PORTION OF VACATED TOPAZ STREET AS SHOWN ON
ORDER OF VACATION RECORDED NOVEMBER 3, 1999 IN BOOK 991103 AS
DOCUMENT NO. 01199 AND RE-RECORDED MARCH 24, 2000 IN BOOK 20000324
AS DOCUMENT NO. 00369, OFFICIAL RECORDS, CLARK COUNTY, NEVADA.

A.P.N.: 162-13-301-024

1    Exhibit 1-a, "Interest Only Addendum to fixed Rate Note,
2         dated April 12, 2018"

Complaint for MATTHEW LOTZE and LAURA OHMAN

Loan Number: 18-5078

# INTEREST-ONLY ADDENDUM TO FIXED RATE NOTE

Property Address: 3730 TOPAZ STREET, LAS VEGAS, NEVADA 89121

THIS INTEREST-ONLY ADDENDUM ("ADDENDUM") is made this        12th        day of APRIL, 2018        and is incorporated into and intended to form a part of the Fixed Rate Note (the "Note") dated the same date as this Addendum executed by the undersigned and payable to ALLRISE REAL ESTATE CREDIT FUND, LP

(the "Lender").

THIS ADDENDUM supersedes and replaces Sections 3(A), 3(B), 4, and 6(A) of the Note. This Addendum does not supersede, replace or revise any other Section of the Note.

## 3.   PAYMENTS

(A)   Time and Place of Payments

I will make a payment every month. This payment will be for interest only for the first    11   months (the "Interest Only Period"), and then will consist of principal and interest.

I will make my monthly payment on the        1st        day of each month beginning on JUNE, 2018        . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to interest before Principal. If, on MAY 1, 2019        , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   PO BOX 51402, LOS ANGELES, CALIFORNIA 90051

or at a different place if required by the Note Holder.

(B)   Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 13,737.50        for the first   11   months of this Note, and thereafter will be in the amount of U.S. $ 1,513,737.50    . The Note Holder will notify me prior to the date of change in monthly payment.

## 4.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes.

If the partial Prepayment is made during the Interest Only Period, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments

Fio.atn.xml

consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

## 6.   BORROWER'S FAILURE TO PAY AS REQUIRED

### (A)   Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of          10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 10.000 % of my overdue payment of interest during the Interest Only Period. At the end of the Interest Only Period, it will be          10.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Interest Only Addendum to Fixed Rate Note.

FILIPINO FLASH LLC, A NEVADA LIMITED LIABILITY COMPANY

| | | | |
|---|---|---|---|
| _____ 4/12/18 | | By: _____ 4/12/18 | |
| Borrower RACHEL ANN MARCIAL          Date | | Borrower NONITO GONZALEZ          Date | |
| DONAIRE, MEMBER | | DONAIRE JR., MEMBER | |

| | | | |
|---|---|---|---|
| _____ | | _____ | |
| Borrower          Date | | Borrower          Date | |

| | | | |
|---|---|---|---|
| _____ | | _____ | |
| Borrower          Date | | Borrower          Date | |

# Exhibit 1-b, "Balloon Rider and 1-4 Family Rider, dated April 12, 2018"

Complaint for MATTHEW LOTZE and LAURA OHMAN

———————————————— [Space Above This Line For Recording Data] ————————————————

Loan Number: 18-5078

# BALLOON RIDER

THIS BALLOON RIDER is made this 12th day of APRIL 2018 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note (the "Note") to ALLRISE REAL ESTATE CREDIT FUND, LP

(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

3730 TOPAZ STREET, LAS VEGAS, NEVADA 89121
[Property Address]

The interest rate stated on the Note is called the "Note Rate." The date of the Note is called the "Note Date." I understand the Lender may transfer the Note, Security Instrument and this Rider. The Lender or anyone who takes the Note, the Security Instrument and this Rider by transfer and who is entitled to receive payments under the Note is called the "Note Holder."

ADDITIONAL COVENANTS. In addition to the covenants and agreements in the Security Instrument, Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the Security Instrument or the Note):

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

MULTISTATE BALLOON RIDER
04/26/04                                Page 1 of 2                        DocMagic eForms
                                                                          www.docmagic.com

Usb.rzr.xml

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon Rider.

FILIPINO FLASH LLC, A NEVADA LIMITED LIABILITY COMPANY

Borrower RACHEL ANN MARCIAL          Date          By:          Borrower NONITO GONZALEZ          4 12 18          Date
DONAIRE, MEMBER                                                  DONAIRE JR., MEMBER

Borrower                             Date          Borrower                             Date

Borrower                             Date          Borrower                             Date

MULTISTATE BALLOON RIDER
04/26/04                             Page 2 of 2                             DocMagic *eForms*
                                                                            www.docmagic.com

Usb.rdr.xml

Loan Number: 18-5078

# 1-4 FAMILY RIDER
## (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this    12th   day of   APRIL, 2018                 ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Note to   ALLRISE REAL ESTATE CREDIT FUND, LP

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

3730 TOPAZ STREET, LAS VEGAS, NEVADA 89121

[Property Address]

1-4 FAMILY COVENANTS. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY
INSTRUMENT.** In addition to the Property described in Security Instrument, the following
items now or hereafter attached to the Property to the extent they are fixtures are added to the
Property description, and shall also constitute the Property covered by the Security Instrument:
building materials, appliances and goods of every nature whatsoever now or hereafter located
in, on, or used, or intended to be used in connection with the Property, including, but not
limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas,
water, air and light, fire prevention and extinguishing apparatus, security and access control
apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves,
refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors,
screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and
attached floor coverings, all of which, including replacements and additions thereto, shall be
deemed to be and remain a part of the Property covered by the Security Instrument. All of the
foregoing together with the Property described in the Security Instrument (or the leasehold
estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and
the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek,
agree to or make a change in the use of the Property or its zoning classification, unless Lender
has agreed in writing to the change. Borrower shall comply with all laws, ordinances,
regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not
allow any lien inferior to the Security Instrument to be perfected against the Property without
Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss
in addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

MULTISTATE 1-4 FAMILY RIDER
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3170 1/01                          Page 1 of 3

DocMagic
www.docmagic.com

Nv3170.rid.xml

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

MULTISTATE 1-4 FAMILY RIDER
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3170 1/01                         Page 2 of 3

DocMagic €Forms
www.docmagic.com

I.    **CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this 1-4 Family Rider.

FILIPINO FLASH LLC, A NEVADA LIMITED LIABILITY COMPANY

_____ (Seal)
RACHEL ANN MARCIAL    -Borrower
DONAIRE, MEMBER

By: _____ (Seal)
NONITO GONZALEZ    -Borrower
DONAIRE JR., MEMBER

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

MULTISTATE 1-4 FAMILY RIDER
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3170 1/01                      Page 3 of 3

DocMagic *eForms*
www.docmagic.com

**Exhibit 1-c, " Certification Addendum to HUD-1Settlement Statement, dated April 12, 2018"**

84

## CERTIFICATION ADDENDUM TO
## HUD-1 SETTLEMENT STATEMENT

Loan Number: 18-5078

Property Address: 3736 TOPAZ STREET
LAS VEGAS, NEVADA 89121

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

FILIPINO FLASH LLC, A NEVADA LIMITED
LIABILITY COMPANY

BY:

RACHEL ANN MARCIAL DONAIRE,                 Borrower                    Seller
MEMBER

BY:

MONITO GONZALEZ-DONAIRE JR,                  Borrower                    Seller
MEMBER

_____                        Borrower    _____    Seller

_____                        Borrower    _____    Seller

_____                        Borrower    _____    Seller

_____                        Borrower    _____    Seller

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

_____                        4/12/18
Settlement Agent                             Date
LORRAINE VELRO

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

**Exhibit 1-d " Affidavit of Authority to Exercise The Power of Sale , December 4, 2020"**

Complaint for MATTHEW LOTZE and LAURA OHMAN

# AFFIDAVIT OF AUTHORITY TO EXERCISE THE POWER OF SALE

| Borrowers/Trustors: | | Trustee Name and Address: |
|---|---|---|
| **Filipino Flash LLC, a Nevada limited liability company** | | **Total Lender Solutions, Inc.**<br>**10505 Sorrento Valley Rd Suite 125**<br>**San Diego, CA 92121** |
| Property Address:<br><br>**3730 Topaz Street**<br>**Las Vegas, NV 89121** | | Deed of Trust Document/Instrument No.:<br><br>**20180417-0002198**<br><br>Recorded: **04/17/2018** |
| TS # 201207325 | | Loan No. 18-5078 |

The affiant **Enrique Flores**, being first duly sworn upon oath and under penalty of perjury, attests as follows:

1. I am the beneficiary, the authorized agent for the beneficiary, or servicer for the beneficiary ("Beneficiary") and am duly authorized to make this affidavit.

2. I have the personal knowledge required to execute this Affidavit, as set forth in NRS 107.080(2)(c) and can confirm the accuracy of the information set forth herein. If sworn as a witness, I could competently testify to the facts contained herein.

3. In the regular and ordinary course of business, it is our practice to make, collect, and maintain business records and documents related to any loan it originates, funds, purchases and/or services, including the subject loan (collectively, "Business Records"). I have continuing access to the Business Records for the subject loan, and I am familiar with the Business Records and I have personally reviewed the business records relied upon to compile this Affidavit.

**Exhibit -- NRS 107.080 Compliance Affidavit**
**Page -1-**

4.  The full name and business address of the current trustee or the current trustee's representative or assignee is:

| Total Lender Solutions, Inc. | 10505 Sorrento Valley Road Suite 125 San Diego, CA 92121 866-535-3736 |
|---|---|

5.  The full name and business address of the current holder of the note secured by the Deed of Trust is:

| Allrise Real Estate Credit Fund, LP | 200 Spectrum Center Drive, #1460 Irvine, Ca 92618 |
|---|---|

6.  The full name and business address of the current beneficiary of record of the Deed of Trust is:

| Allrise Real Estate Credit Fund, LP | 200 Spectrum Center Drive, #1460 Irvine, Ca 92618 |
|---|---|

7.  The full name and business address of the current servicer of the obligation or debt secured by the Deed of Trust is:

| Del Toro Loan Servicing, Inc. | 2300 Boswell Road, Ste 215 Chula Vista, CA 91914 |
|---|---|

8.  The beneficiary, its successor in interest, or the trustee of the Deed of Trust has: (I) actual or constructive possession of the note secured by the Deed of Trust; and/or (II) is entitled to enforce the obligation or debt secured by the Deed of Trust.   If the latter is applicable and the obligation or debt is an "instrument," as defined in NRS § 104.3103(2), the beneficiary, successor in interest to the beneficiary, or trustee entitled to enforce the obligation or debt is either: (1) the holder of the instrument constituting the obligation or debt; (2) a nonholder in possession of the instrument who has the rights of the holder; or (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to a court order issued NRS § 104.3309.

**Exhibit -- NRS 107.080 Compliance Affidavit**
**Page -2-**

9. The beneficiary, its successor in interest, the trustee, the servicer of the obligation or debt secured by the Deed of Trust, or an attorney representing any of those persons, has sent to the obligor or borrower of the of the obligation or debt secured by the Deed of Trust a written statement containing the following information (I) the amount of payment required to make good the deficiency in performance or payment, avoid the exercise of the power of sale and reinstate the underlying obligation or debt, as of the date of the statement; (II) the amount in default; (III) the principal amount of the obligation or debt secured by the Deed of Trust; (IV) the amount of accrued interest and late charges; (V) a good faith estimate of all fees imposed in connection with the exercise of the power of sale; (VI) contact information for obtaining the most current amounts due and a local or toll free telephone number where the obligor or borrower of the obligation or debt may call to receive the most current amounts due and a recitation of the information contained in this Affidavit.

10. The borrower or obligor may utilize the following toll-free or local telephone number to inquire about the default, obtain the most current amounts due, receive a recitation of the information contained in this Affidavit, and/or explore loss mitigation alternatives: **Client phone # 619-474-5400 ext 117**

11. The following is information regarding the amount in default, the principal amount secured by the Deed of Trust, a good faith estimate of fees imposed and to be imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale:

    a. The amount of missed payments and interest in default is **$1,716,904.17**

    b. The amount of fees charged to the debtor in connection with the exercise of power of sale to date (extra charges, advances, inspections, etc) is **$500.00**

    c. The principal amount secured by the Deed of Trust is $1,500,000.00

    d. A good faith estimate of all fees imposed and to be imposed (late charges, legal fees, etc) because of the default is **$27,475**

    e. A good faith estimate of the total costs and fees to be charged to the debtor in connection with the exercise of the power of sale is $17,544.00

12. Pursuant to my personal review of the business records of the beneficiary, the successor in interest of the beneficiary, and/or the business records of the servicer of the obligation or debt secured by the Deed of Trust; and/or the records of the county recorder where the subject

**Exhibit -- NRS 107.080 Compliance Affidavit**
**Page -3-**

real property is located; and or the title guaranty or title insurance issued by a title insurer or title agent authorized to do business in the state of Nevada, the following is the (I) date, (II) recordation number (or other unique designation); and (III) assignee of each recorded assignment of the subject Deed of Trust:

| Recorded Date | Recording No.. | Name of Assignee (From/To) |
|---|---|---|
| | | |
| | | |

Dated: 12/04/2020

Del Toro Loan Servicing, Inc.

By: _____

Enrique Flores, Authorized Signor

STATE OF CA    )
                )ss.:
COUNTY OF San Diego )

On this 04 day of December 2020, before me, R. McIntyre _____, a Notary Public, in and for said County and State, personally appeared Enrique Flores _____ known to me to be the person described in and who executed the foregoing instrument in the capacity set forth therein, who acknowledged to me that he/she executed the same freely and voluntarily and for the uses and purposes therein mentioned.

_____
NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA   COUNTY OF San Diego
Subscribed and sworn to (or affirmed) before me on this 04 day of December 20 20 by Enrique Flores _____

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me:

_____
(Signature of Notary)

R. MCINTYRE
Commission No. 2206629
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
Commission Expires August 19, 2021

**Exhibit -- NRS 107.080 Compliance Affidavit**
**Page -4-**

1

2 **Exhibit 1-e, "Declaration Of Compliance with NRS § 107.510(6),**

3 **dated April 12, 2018"**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for MATTHEW LOTZE and LAURA OHMAN

## DECLARATION OF COMPLIANCE WITH NRS §107.510(6)

**Trustor (Borrower): Filipino Flash LLC**

**Beneficiary (Lender): Allrise Real Estate Credit Fund, LP**

**Property: 3730 Topaz Street, Las Vegas, NV 89121**

**Loan No.: 18-5078**

    The undersigned authorized agent or employee of the beneficiary or mortgage servicer named below, hereby represents, warrants, and declares the following:

[　]    The beneficiary (by itself or through its authorized agent) made contact with the borrower to assess the borrower's financial situation, provide the toll-free number to enable the borrower to find a housing counselor certified by HUD, and explore options for the borrower to avoid foreclosure in compliance with NRS §107.510(2) and more than thirty (30) days have lapsed since the first such contact.

[　]    The beneficiary (by itself or through its authorized agent) has exercised due diligence to contact the borrower as required by NRS §107.510(5) and more than thirty (30) days have lapsed since due diligence efforts were completed.

The Beneficiary or its authorized agent was not required to comply with NRS §107.510 because:

[　]    The beneficiary or mortgage servicer is exempt from the Nevada pre-foreclosure due diligence requirements set forth in NRS §107.510 pursuant to NRS §107.460.

[✗]    The requirements of §107.510 do not apply as the trustor(s) identified above do not meet the definition of a "borrower" as set forth in NRS §107.410.

[　]    The requirements of §107.510 do not apply as the loan underlying the security interest that is the subject of this foreclosure is **not** a "residential mortgage loan" as defined in NRS §107.450.

    In light of the foregoing, the mortgage servicer/beneficiary authorizes the trustee to submit the attached Notice of Default to be recorded as all pre-foreclosure notices required by NRS §107.080(2)(c)(3) and, if applicable, NRS §107.500(1) were timely sent per statute.

    I certify under penalty of perjury of the laws of the State of Nevada that that I am the beneficiary or an authorized agent for the Beneficiary and that all information contained herein is true and complete

Dated: 12-14-20

By: _____
[signature]

Brittaney Frederick, Loss Mit Admin
[print name and title of person signing]